**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
TELEPHONE (410) 962-7810
MDD_CDACHAMBERS@MDD.USCOURTS.GOV

May 11, 2026

LETTER TO COUNSEL

RE:    *Shawanda L. T. v. Kijakazi*
        Civil No.: 23-2663-CDA

Dear Counsel:

Plaintiff's attorney, Theodore Anthony Melanson of Mignini, Raab, Demuth & Murahari, LLP, has filed a motion requesting attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before the Court. ECF 22. In response, the Social Security Administration ("SSA") asked the Court to consider whether the requested amount constitutes a reasonable fee. ECF 24. No reply was filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On October 2, 2023, Plaintiff, represented by Mr. Melanson, petitioned the Court to review the SSA's final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. On September 25, 2024, the Court reversed the SSA's judgment due to inadequate analysis and remanded the case to the SSA pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF 18. Pursuant to the Equal Access to Justice Act ("EAJA"), Mr. Melanson filed a motion seeking payment of $4,692.87 in attorney's fees, based on 18.75 hours of attorney time performed on Plaintiff's behalf. ECF 19-2, at 2. The parties then agreed to an award of $4,200.00 in attorney's fees under EAJA. ECF 20. Mr. Melanson was therefore awarded attorney's fees under EAJA, in the amount of $4,200.00. ECF 21.

Plaintiff subsequently received a favorable decision awarding past due benefits, and Mr. Melanson now requests $29,063.25 in attorney's fees, which is twenty-five percent of the past-due benefits awarded to Plaintiff. ECF 22. Mr. Melanson also agrees to reimburse Plaintiff the $4,200.00 in fees he received under EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the

representative achieved." *Id*. at 808.  Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id*.  Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id*.

In this case, Plaintiff and Mr. Melanson's law firm, Mignini, Raab, Demuth & Murahari, LLP, entered into a contingent fee agreement, by which Plaintiff agreed to pay the firm twenty-five percent of all retroactive benefits to which he might become entitled.  ECF 19-4.  In the previous motion for attorney's fees pursuant to EAJA, Mr. Melanson submitted an itemized report documenting 18.75 hours billed in Plaintiff's case before this Court.  ECF 19-8.  If Mr. Melanson receives the full amount of fees requested here, his fees for representation before the Court will effectively be $1,550.04 per hour.  Counsel must show this hourly rate is reasonable for the services they rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Melanson has "been practicing Social Security law since December 2014." ECF 19-7, at 2.  He cites a regular hourly rate of $300.00. *Id*.  The requested fee—$1,550.04 per hour—is more than five times his regular hourly rate.  Although courts often approve rates much higher than normal in Social Security cases, *see Trenton A. v. Comm'r, Soc. Sec. Admin*., No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022), the requested rate in this case exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals.  Not long ago, the Court recognized that "[h]ourly rates exceeding $1,000 are the exception, not the rule." *Willie B. v. Comm'r, Soc. Sec. Admin*., No. SAG-20-2973, 2023 WL 3950112, at *2 (D. Md. June 12, 2023) (finding that an effective rate of $1,550.04 per hour was unreasonable).  While the Court recognizes Mr. Melanson's effective performance and the substantial past-due benefit awarded to his client, Mr. Melanson's request of $1,550.04 per hour for 18.75 hours in this case would result in a windfall. *See Everlena G. v. Comm'r, Soc. Sec. Admin*., No. SAG-20-00784, 2023 WL 424427, at *1 (D. Md. Jan. 26, 2023).  Instead, the Court concludes that an award of $26,250.00, amounting to an hourly rate of $1,400.00—more than four times his regular hourly rate—would adequately compensate Mr. Melanson for the time spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin*., Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with similar experience).

For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART the request for attorney's fees, ECF 22. The Court will award attorney's fees in the amount of $26,250.00, and Mr. Melanson should reimburse Plaintiff the $4,200.00 in fees he received under EAJA.

*Shawanda L. T. v. Kijakazi*
Civil No.: 23-2663-CDA
May 11, 2026
Page 3

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly. An implementing order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge